UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TATYANA SPIVAK,

                Plaintiff,

         -against-

JP MORGAN CHASE BANK, N.A.,

                Defendant.

**MEMORANDUM AND ORDER**
22-CV-04549 (LDH) (RML)

---

Tatyana Spivak ("Plaintiff") brings the instant action against Defendant JP Morgan Chase Bank, N.A. ("Defendant"), alleging violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, the New York Commercial Code § 4A-202 ("NYCC"), and breach of contract. Defendant moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the amended complaint entirely.

## BACKGROUND[1]

Plaintiff maintains two checking accounts with Chase; one for personal use and one for the commercial use of her company, Adami, Inc. (Sec. Am. Compl. ("SAC") ¶ 9, ECF No. 18.) In or around May 2021, through a series of deposits and withdrawals, several million dollars were transferred between Plaintiff's accounts and an account associated with Cross River Bank. (*Id.* ¶¶ 10–12.) These transfers, including the withdrawal of over $75,000, were made without Plaintiff's knowledge or consent. (*Id.* ¶¶ 12–13.)

---

[1] The following facts are taken from the Second Amended Complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

1

Sometime around June 2021, Plaintiff received a phone call and a letter from an unidentified person purporting to be a Chase representative notifying her that there was fraud on her account and directing Plaintiff to a non-existent Chase branch. (*Id.* ¶¶ 14–15.) On August 4, 2021, a representative at Plaintiff's local Chase branch informed her that the letter was fraudulent. (*Id.* ¶ 16.) At that point, Plaintiff informed Defendant's representative of the unauthorized transfers for the first time. (*Id.* ¶ 16.) Plaintiff repeatedly stated to Defendant's representative that she had not authorized the transfers at issue. (*Id.* ¶¶ 17–18.) Defendant informed Plaintiff that she would receive a fraud package in the mail. (*Id.* ¶ 19.) Plaintiff never received the fraud package, has not been refunded any of the funds that were taken from her account, and has received no further communication regarding her requested investigation. (*Id.* ¶¶ 20, 22–26.)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of defendants' liability for the alleged misconduct. *Id*. While this standard requires more than a "sheer possibility" of defendants' liability, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Id.*; *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the court must accept the factual allegations of the complaint as true." *Morris*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999) (citations omitted).

2

## DISCUSSION

### I.   Electronic Fund Transfer Act

The Electronic Fund Transfer Act is a "framework establishing the rights, liabilities, and responsibilities of participants in electronic fund . . . transfer systems." 15 U.S.C. § 1693(b). An "electronic fund transfer" is "any transfer of funds, other than a transaction originated by check [or a] similar paper instrument, which is initiated" electronically to "order, instruct, or authorize a financial institution to debit or credit an account." *Id.* at § 1693a(7). Among other things, the EFTA sets forth a procedure for resolving electronic fund transfer errors, including, as relevant here, when a customer believes his or her bank transferred money into or out of his or her account without authorization. 15 U.S.C. § 1693f (defining "error" to include "unauthorized electronic fund transfer[s]"). And, the EFTA creates a private right of action against any bank that "fails to comply with any provision" of the statute. *Id.* at § 1693m(a).

Under the EFTA, a customer must notify the bank of an unauthorized transfer within 60 days after receiving the first statement disclosing the error. *Id.* at § 1693g(a); *see also Zarate v. Chase Bank*, 22-CV-1178 (AMD) (LB), 2023 WL 5956334, at *3 (E.D.N.Y. Sep.13, 2023). If notice is not timely, the bank is not liable "for losses the financial institution establishes would not have occurred but for the failure of the consumer to report the unauthorized transfers or errors that appear on the statement within sixty days of the statement." 15 U.S.C.§ 1693g(a). Plaintiff clearly did not notify Defendant of the allegedly fraudulent transactions within the sixty-day notice period, given her allegation that she first brought the matter to Defendant's representative on August 4, 2021, at least more than ninety days after the transactions occurred. (SAC ¶¶ 10–12, 16.)

Even without timely notice, Defendant "remains liable for unauthorized debits that occurred during the sixty-day period, provided the customer brings a claim within the statute of limitations." *See Zaidi v. JP Morgan Chase Bank, N.A.*, No. 19-CV-1080 (DRH) (ARL), 2021 WL 848864, at *4 (E.D.N.Y. Mar. 5, 2021) . The EFTA's statute of limitations that requires a plaintiff to file EFTA claims "within one year of the date of the unauthorized transfer at issue." 15 U.S.C. § 1693m(g). With respect to a failure to investigate claim, "in light of the ten-day statutory period within which a financial institution must provide a response, the statute of limitations begins to run ten days after the consumer provides the oral or written notice of the alleged error to the financial institution." *Apostolidis v. JP Morgan Chase & Co.*, No. 11-CV-5664 (JFB) (WDW), 2012 WL 5378305, at *6 (E.D.N.Y. Nov. 2, 2012) (cleaned up). Defendant argues that Plaintiff's claims are barred by the EFTA's statute of limitations. (Def.'s Mem. of L. in Supp. ("Def.'s Mem.") at 9–10, ECF No. 33-9.) The Court disagrees.

According to the SAC, the unauthorized transfers occurred during May of 2021 and that she notified Defendant of these transfers on August 4, 2021. (SAC ¶¶ 10–12, 16.) Given the ten-day period the EFTA afforded Defendant to respond to Plaintiff's claim, the statute of limitations period on her failure to investigate claim began on August 14, 2021. Plaintiff filed this action on August 2, 2022, within the one-year statute of limitations. This, of course, does not end the Court's inquiry. Defendant argues, and the Court agrees, that Plaintiff does not state a claim under the EFTA. (Def.'s Mem. at 8.)

"To state a claim under the EFTA, plaintiff must allege that the accounts in question (1) were 'demand deposit, savings deposit, or other asset account[s]'; (2) 'established primarily for personal, family, or household purposes'; and (3) that the unauthorized 'electronic fund transfer' was 'initiated through an electronic terminal, telephone, computer, or magnetic tape for the

4

purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account.'" *See Zaidi*, 2021 WL 848864, at *4 (quoting 15 U.S.C. § 1693a(7)).

Plaintiff alleges that she maintains two bank accounts with Defendant, one for personal use and the other for business use. (SAC ¶ 9.) She further alleges that the fraudulent transfers and withdrawals occurred "between Plaintiff's two accounts." (*Id.* ¶¶ 10–12.) The EFTA, however, provides a cause of action only for bank accounts "established primarily for personal, family, or household purposes." 15 U.S.C. § 1693a(2) (emphasis added). Plaintiff does not provide any allegations regarding which alleged transfers and withdrawals occurred on her personal bank account. Without allegations as to which allegedly unauthorized transactions were associated with her personal, rather than business account, the Court cannot discern whether or to what extend Plaintiff has stated a claim under the EFTA. *See, e.g.*, *Prignoli v. Bruczynski*, No. 20-CV-907 (MKB), 2021 WL 4443895, at *6 (E.D.N.Y. Sept. 28, 2021) (dismissing an EFTA claim that "merely alleged that [plaintiff] owns a 'bank account' at Victory State Bank.").

## II.     State Law Claims

Plaintiff also brings claims under New York state law pursuant to the NYCC and for breach of contract. However, because the Court has dismissed Plaintiff's claims under federal law, it "decline[s] to exercise supplemental jurisdiction" over Plaintiff's state law claims[because it" has dismissed all claims over which it has original jurisdiction." *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 121–22 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)) ("If the federal law claims are dismissed before trial . . . the state claims should be dismissed as well.").

## III.    Leave to Amend

Plaintiff requests leave to file a third amended complaint, which she has attached to her opposition brief. Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should

5

freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The amended complaint attached to her opposition brief would not cure the deficiency in her Second Amended Complaint.  However, the Court grants Plaintiff the opportunity to address the pleading deficiency identified in this Memorandum and Order.  Plaintiff shall file a Third Amended Complaint on or before October 15, 2024.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Second Amended Complaint is GRANTED without prejudice to renew.

SO ORDERED.

Dated: Brooklyn, New York  /s/ LDH
      September 30, 2024  L<small>A</small>SHANN D<small>E</small>ARCY HALL
                         United States District Judge